ALICE MCDADE, *Appellant*, vs. FRANK MCDADE, *Appellee*.
146 So. 228.
Division B.
Opinion filed January 2, 1933.
Petition for rehearing denied February 15, 1933.

*Giles F. Lewis*, for Appellant;
*Dickinson & Dickinson*, for Appellee.

DAVIS, J.—This was a divorce suit. The wife sued the husband. The divorce was denied. The wife has appealed.

Testimony was taken before the chancellor who heard and saw the witnesses. His conclusions, as expressed in an opinion filed in connection with his final decree dismissing the bill, were that the evidence presented at the adversary hearing, did not warrant the relief of divorce to the wife.

Turning now to the picture presented by the testimony taken upon the hearing, we find a situation, all too often observed in cases like this, where a nineteen year old

girl, having married a man twenty years her senior, conceived the idea that her only duty as a wife was to faithfully discharge the function of a lifetime employed housekeeper, devoid of the physical association of male and female, which is usually considered a concomitant obligation of the marital status.

Consequently, as might have been expected from such an attitude on the wife's part toward her husband, marital combat ensued. And the skirmishes attendant upon that conflict continued at intermittent intervals so long as the parties continued to live together in the same dwelling house. The outcome of it all is, that the contending parties have permanently separated, after having brought into the world two lovely children, innocent victims of the obvious misalliance in the bonds of matrimony, of their father and mother.

Viewing the facts in evidence as a whole, it may be asserted with conviction, that while the young wife was a moral, chaste, Christian woman, and a faithful attendant upon and a member of, the Adventist Church, she repeatedly failed to conform to the Biblical injunction laid down in Holy Writ by the Apostle Paul in his Epistle to the Ephesians, that a wife should "submit herself" unto her husband as unto the Lord (Ephesians 5:22), while on the other hand the husband, being inordinately concerned with the present pursuit of tangible earthly pleasure considered by him as his right under the marital relationship, became unreasonably overbearing and intolerant in his attitude toward his wife, whom he regarded as unjustly reluctant to risk becoming the mother of any more of his children.

In his special opinion filed at the time of entering the final decree, the Chancellor declared himself as having been convinced by the testimony that the breach between husband and wife had become widened to such an extent

that hope of their becoming reconciled at an early date could hardly be entertained, and that although it appeared that the wife was in destitute circumstances, and the children remained in her custody largely at the mercy of the defendant's kindness or generosity, that the proof was insufficient in law to establish either extreme cruelty, habitual indulgence in violent and ungovernable temper or habitual intemperance in the use of intoxicating liquors, as a cause for divorce, and therefore that the wife could be granted no relief.

It is our view that the Chancellor was correct in the conclusion thus expressed by him to the effect that the complainant wife had not made out by sufficient proof, a justifiable ground for divorce on either of the causes of action set up in the bill.

That much of the husband's conduct toward his wife was unwarranted and cruel to a degree, in view of the mutual relationship of trust, forbearance and love that should always prevail between husband and wife, must be conceded as having been made out by the evidence. But the wife, herself, was not altogether free from being the provocative cause of many of the husband's outbursts of which the wife complained. And in weighing the evidence in a case like this, involving charges of cruelty, and demonstrations of violent and ungovernable temper, the circumstances which have led to the alleged hostile exhibitions of behavior by husband toward wife, must be taken into account, and the evidence of the extra matrimonial aggressions weighed in the light of such circumstances, and the precipitating aggravations, if any.

In a suit by a wife agaist her husband, for divorce on the ground of extreme cruelty, habitual indulgence in violent and ungovernable temper, and habitual intemperance in the use of intoxicating liquors, where the

Chancellor himself has seen and heard all the witnesses in the case testify, including the adversary parties and the evidence is conflicting, or appears to warrant diverse inferences, and it does not appear that in reaching the conclusion that the divorce should be denied, that the Chancellor has misapplied any settled rule of law in arriving at his conclusions based on the evidence, nor that he has misapprehended the legal effect of the evidence as a whole, the Chancellor's decree denying the wife a divorce will be affirmed by this court on appeal. See Wilson vs. Duncan, 92 Fla. 470, 112 Sou. Rep. 48.

It follows from what has been said that the decree appealed from denying the wife a divorce must be affirmed, the costs of the appeal to be assessed and taxed against the husband in view of the allowance by this court in its previous order.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BROWN, J., concurs in the opinion and judgment.

Filed under Rule 21 A.